[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15125
Non-Argument Calendar
_____

Agency No. A044-860-940

DARREN RODERICK GURDON,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 7, 2013)

Before BARKETT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Darren Roderick Gurdon, a native and citizen of Jamaica, appeals the Board of Immigration Appeals' ("BIA") final order of removal affirming the immigration judge's ("IJ") denial of Gurdon's application for cancellation of removal.  On appeal, Gurdon challenges the IJ's discretionary denial of his application for cancellation of removal, and, although Gurdon had previously conceded his removability for being convicted of a crime of domestic violence, he argues that the BIA erred in concluding that *res judicata* did not apply to bar his removability in this case.  The IJ found Gurdon removable under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined at INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G), based on Gurdon's 2008 conviction for larceny for which he received a one year suspended imprisonment sentence; and under INA § 237(a)(2)(E)(i), 8 U.S.C § 1227(a)(2)(E)(i), for having been convicted of a crime of domestic violence based on Gurdon's conviction for family violence battery against the mother of two of his children.  However, the Department of Homeland Security ("DHS") never charged Gurdon with being removable as an aggravated felon based on the larceny conviction.

Gurdon applied for cancellation of removal.  The IJ held an evidentiary hearing and then denied his application on two grounds.  First, the IJ concluded that he was statutorily ineligible based on the aggravated felony conviction.

2

Second, the IJ alternatively considered the merits of Gurdon's application, and concluded that, even if Gurdon were eligible for cancellation of removal, the IJ would exercise his discretion to deny cancellation because the negative factors in Gurdon's case outweigh the positive factors.  The BIA affirmed.

We review *de novo* our own subject matter jurisdiction.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  We do not have jurisdiction to review a claim unless the petitioner has exhausted his administrative remedies with respect to that claim.  INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006) (holding that we lack jurisdiction to consider claims that have not been raised before the BIA).  Under the INA, we lack jurisdiction to review discretionary judgments with regard to petitions for cancellation of removal.  INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i); *see also Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332-33 (11th Cir. 2003).  Moreover, we generally lack jurisdiction to review final orders of removal against aliens who have committed aggravated felonies.  INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).  However, we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review."  INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision.  *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001).

We have determined that the application of *res judicata* in removal proceedings is a question of law that is not jurisdictionally barred. *Dormescar v. U.S. Atty. Gen.*, 690 F.3d 1258, 1267-68 (11th Cir. 2012).   In order to demonstrate that a claim is barred by *res judicata*, the petitioner must demonstrate that: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involve the same parties or their privies; and (4) the two cases involve the same cause of action. *Id.* at 1268.  We will only consider whether a claim was or could have been raised in the prior action if all four of these elements are met. *Id.*

Ordinarily, the criminal alien bar of the INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), would apply to bar review of Gurdon's case because Gurdon was found removable for being an aggravated felon.  *See* INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C).  However, as the government concedes, this jurisdictional bar does not apply in Gurdon's case because although he was found removable for being an aggravated felon as defined at INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G), based on the larceny conviction, DHS never actually charged him with being removable under this provision.  *See Fernandez-Bernal v. Att'y Gen. of U.S.*, 257 F.3d 1304, 1311 n.8 (11th Cir. 2001) (explaining the due process concerns of applying the criminal alien bar based on an offense not charged in the notice to appear).  This failure does not affect the agency's ultimate finding of

4

removability, as it alternatively found him removable for his domestic violence conviction and Gurdon was charged with that removability ground.

We do not have jurisdiction to review Gurdon's challenge to the IJ's discretionary denial of his cancellation of removal application, for two reasons. First, Gurdon did not exhaust his administrative remedies as to this claim as he did not raise it before the BIA, and the BIA concluded that Gurdon had waived the issue. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga*, 463 F.3d at 1250-51. Second, even if Gurdon had exhausted this claim, we do not have jurisdiction to review discretionary judgments pertaining to applications for cancellation of removal. INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i). Although Gurdon couches his challenge in due process terms, he ultimately only challenges the IJ's weighing of equities in determining whether a favorable exercise of discretion was warranted. *See Arias v. U.S. Att'y Gen.*, 482 F.3d 1281, 1284 (11th Cir. 2007) (stating that a petitioner must assert a colorable constitutional claim, and not merely challenge the BIA's and IJ's exercise of discretion). Accordingly, we dismiss this portion of Gurdon's petition for review.

Gurdon also argues that the BIA erred in concluding that Gurdon's removal based on the family violence battery conviction was not barred by *res judicata* because the IJ knew about Gurdon's family violence battery conviction at his initial removal proceedings. In support of his argument, Gurdon cites to an

5

inopposite case from the Second Circuit, and in any event, the BIA correctly noted, that there was never any judgment in Gurdon's favor for which *res judicata* could apply.  Accordingly, we deny this portion of Gurdon's petition for review.

**PETITION DISMISSED IN PART, AND DENIED IN PART.**