[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13105
Non-Argument Calendar
_____

Agency No. A091-735-587


JOSE DAVID ZECENA OSORIO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 31, 2016)

Before TJOFLAT, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jose Davis Zecena Osorio petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ's") denial of his motion to terminate removal proceedings.  On petition for review, Zecena Osorio argues that the BIA erred in determining that he was properly charged as inadmissible under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), because he lawfully entered into the United States holding temporary-resident status, which meant that he had been admitted or paroled. Upon review of the record and the parties' briefs, we deny Zecena Osorio's petition.

We review legal determinations of the BIA and the IJ de novo.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).  We review the BIA's decision as the final judgment, unless the BIA expressly adopts the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  When the BIA explicitly agrees with the findings of the IJ, we review the decisions of both the BIA and the IJ as to those issues.  *Ayala*, 605 F.3d at 948.  We defer to the Department of Homeland Security's ("DHS's") "interpretation of its own regulations unless its interpretation is 'plainly erroneous or inconsistent with the regulation.'"  *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1326 (11th Cir. 2003) (quoting *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 911, 137 L. Ed. 2d 79 (1997)).

2

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") provides for two bases for removability including grounds of inadmissibility under 8 U.S.C. § 1182 and grounds of deportability under 8 U.S.C. § 1227, which governs the removal of aliens admitted to the United States. *Dormescar v. U.S. Att'y Gen.*, 690 F.3d 1258, 1260–61 (11th Cir. 2012). Prior to the adoption of IIRIRA, "there was a fundamental distinction between excludable aliens," who sought admission but had not yet achieved it, "and deportable aliens," who had succeeded in either legally or illegally entering the country. *Id.* at 1260. Under IIRIRA, an alien may now be considered inadmissible for being in the United States without being admitted or paroled. 8 U.S.C. § 1182(a)(6)(A)(i). When an alien is charged with inadmissibility, he has the burden of proving that he is "'clearly and beyond doubt'" entitled to admission and that he is not inadmissible under any ground enumerated in 8 U.S.C. § 1182. *Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1345–46 (11th Cir. 2010) (citing 8 U.S.C. § 1229a(c)(2)(A)).

The distinction between inadmissibility and deportability turns on the alien's "status" rather than his physical location. *Poveda v. U.S. Att'y Gen.*, 692 F.3d 1168, 1174–75 (11th Cir. 2012). An alien in the United States who has been admitted is subject to deportability grounds for removability, while an alien who has not been, regardless of his location, is subject to inadmissibility grounds. *Id.* at

3

1175.  An "admission" is defined as "the lawful entry of [an] alien into the United States after inspection and authorization by an immigration officer."  8 U.S.C. § 1101(a)(13)(A).

The Immigration Reform Control Act ("IRCA") provides that an alien can adjust his status to that of "lawfully admitted for temporary residence" if he can establish that he entered the United States before January 1, 1982, and has resided in the United States continuously since such date.  8 U.S.C. § 1255a(a)(2)(A); *see also* 8 C.F.R. § 245a.2 (detailing the process to apply for temporary-resident status).  An alien who is provided lawful temporary-resident status under IRCA can then have his status adjusted to "lawfully admitted for permanent residence" if he meets certain requirements, including the demonstration of certain basic citizenship skills.  8 U.S.C. § 1255a(b).  During the period of time that an alien receives lawful temporary-resident status, he is permitted to return to the United States after brief and casual trips abroad, which reflect an intention on the part of the alien to achieve lawful permanent-resident status.  8 U.S.C. § 1255a(b)(3)(A); *see* 8 C.F.R. § 245a.2(m)(2) (providing that an alien whose application for temporary-resident status has been approved may be admitted to the United States as a returning temporary resident if certain conditions are met).  The Attorney General shall terminate an alien's temporary-resident status if it appears that the alien in question was not eligible for such status.  8 U.S.C. § 1255a(b)(2).

4

Termination of the status of an alien previously adjusted to lawful temporary resident "shall act to return such alien to the unlawful status held prior to the adjustment." 8 C.F.R. § 245a.2(u)(4).

We held in the pre-IIRIRA context that the plain language of 8 U.S.C. § 1255a(b)(3)(A), which allows temporary residents to travel abroad for brief and casual trips, does not affect the definition of "entry" for purposes of determining whether a legalization applicant should be placed in exclusion or deportation proceedings. *See Assa'ad*, 332 F.3d at 1336, 1340–41 (concluding that it was appropriate for an alien who entered the United States while her legalization application was pending and without travel documents to be placed in exclusion rather than deportation proceedings when her parole was subsequently terminated). Moreover, we have noted that an alien holding permanent-resident status who returns from abroad is not regarded as seeking an "admission" each time he re-enters the United States. *Poveda*, 692 F.3d at 1179.

Accordingly, the BIA did not err in affirming the IJ's denial of Zecena Osorio's motion to terminate his removal proceedings. In particular, the BIA did not err in determining that Zecena Osorio was properly charged as inadmissible because he reverted back to his prior unlawful status of entry without inspection at the time that his status as a temporary resident was terminated under the plain language of 8 C.F.R. § 245a.2(u)(4). Moreover, Zecena Osorio's lawful reentry

5

into the United States in 1996 is irrelevant to the determination of whether he is subject to charges of inadmissibility because he was able to lawfully reenter at the time based on his temporary-resident status, which was subsequently terminated.

PETITION DENIED.