[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14602
Non-Argument Calendar
_____

Agency No. A208-031-866

ROMMELL FERNANDO RODRIGUEZ BARAJAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 28, 2016)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

Rommel Fernando Rodriguez Barajas contends that he is eligible for asylum

because he suffered numerous attacks by pro-Hugo Chavez forces in his native

Venezuela.  An Immigration Judge rejected his application, finding that Rodriguez could not meet his burden of proof without corroborative evidence.  The Board of Immigration Appeals affirmed, and Rodriguez now petitions for review by this Court.

## I.

After the Department of Homeland Security charged Rodriguez as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I), he filed an Application for Asylum and for Withholding of Removal, alleging persecution due to his political opinion and his membership in a particular social group.  In a sworn statement accompanying his application, Rodriguez explained that in Venezuela he had actively opposed the government of former President Hugo Chavez and current President Nicolas Maduro.  He stated that since 2010 he had been attacked approximately eight times by pro-Chavez forces, known as "Chavistas."  In one attack, he was kidnapped and taken to a hospital, where he was forced to take anti-schizophrenia drugs even though he does not suffer from schizophrenia.  In other attacks, Chavistas put a gun in his mouth and attempted to hammer a nail through his foot.

At Rodriguez's asylum hearing the IJ found that Rodriguez's testimony was consistent with his sworn statement.  Rodriguez testified that he was a member of the opposition party Accion Democratica and that he had fled to the United States

because Chavistas wanted to kill him for his opposition.  He also stated that he had been diagnosed with bipolar disorder in 2011.  On cross-examination Rodriguez admitted that he took his bipolar medication "on and off."  When he did not take the medication, he would feel a compulsion to go out into the street and scream. He also admitted that he had previously lived in the United States, and that he had left in 2010 after being arrested for the sale of a controlled substance.

Rodriguez called three more witnesses. First, a psychologist testified that Rodriguez had developed posttraumatic stress disorder from his experiences in Venezuela.  Second, Rodriguez's mother testified that she had heard from various sources (including Rodriguez himself) that Rodriguez had been attacked because of his political activity.  And third, a friend from New York testified that before Rodriguez's problems in Venezuela he was "robust" and "fun-loving," but now he seemed "slower."

In his oral decision the IJ denied Rodriguez asylum.  He explained that Rodriguez's testimony was "internally consistent" but was of only a "very general nature."  Because there was "no objective evidence as to [Rodriguez's] significant political activity in Venezuela" to supplement his vague testimony, Rodriguez had not met his burden of proof.  Beyond that finding, the IJ also noted that persecution on account of mental illness can be a basis for asylum.  But he found that instead

3

of facing persecution in Venezuela for his bipolar disorder, Rodriguez had been receiving treatment for it, so he did not qualify for relief on that ground.[1]

The BIA agreed with the IJ that Rodriguez had not met his burden to establish asylum eligibility because his testimony lacked specificity and he had not provided corroborative evidence.  In addition to his appeal, Rodriguez also moved for the BIA to remand the case based on an affidavit that he had recently received from Accion Democratica.  The BIA held that the affidavit did not justify a remand because it did not "corroborate [Rodriguez's] alleged significant political activity and alleged harm as a result of his political activity."  Finally, the BIA rejected Rodriguez's request for a remand to determine whether he had been persecuted for his membership in the social group of "those who suffer from bipolar disease and who exhibit erratic behavior."  The BIA held that the bipolar disorder claim was barred because Rodriguez had not asserted it before the IJ.

## II.

Rodriguez first contends that the BIA erred by denying him asylum.  "To establish asylum eligibility" the burden is on the applicant to "establish a well-founded fear that his or her political opinion (or other statutorily listed factor) will cause harm or suffering that rises to the level of persecution."  D-Muhumed v. U.S.

---

[1] The IJ also denied withholding of removal, and Rodriguez has not challenged that decision.  In addition, the IJ found that Rodriguez was not eligible for withholding based on the United Nations Convention Against Torture, although there is no indication that Rodriguez had requested CAT relief.

Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004) (quotation marks omitted).  "When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision." Lopez v. U.S. Att'y Gen., 504 F.3d 1341, 1344 (11th Cir. 2007).  We review the BIA's factual findings for "substantial evidence." Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1350–51 (11th Cir. 2009).  Under that "highly deferential" standard, we must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1351.  By contrast, we may only reverse the BIA's findings if "the record not only supports reversal, but compels it." Id.

Because the IJ did not make an adverse credibility finding, we must assume that Rodriguez's testimony is credible. Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1257 (11th Cir. 2007).  "Uncorroborated but credible testimony may be sufficient to sustain the burden of proof for demonstrating eligibility for asylum.  The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (citation omitted).

In Yang the applicant testified that she had been forcibly brought to a hospital where doctors prepared to inject her with a sterilization drug. Id. at 1200. The doctors only stopped when the applicant told them that she was allergic to anesthesia. Id.  We assumed that her testimony was credible, but even so it was

5

impossible to know, without corroborative evidence, whether she had faced involuntary sterilization or if the threatened injection was actually a form of temporary birth control. Id. at 1202–03. That gap in the record was "substantial evidence" that supported the IJ's finding that she had not faced past persecution. Id. at 1203.

Similarly, even if Rodriguez's testimony was credible, we cannot tell from the record whether the claimed attacks occurred because of his political activity or for some other reason, such as his mental illness. As the IJ noted, Rodriguez's testimony was of a "very general nature." And Rodriguez did not fill in the gaps in his testimony with independent evidence that could corroborate his claims. He did not submit any documentary evidence showing that he was politically active, and he did not call any witnesses with firsthand knowledge of his political activity. His inability to substantiate his testimony is "substantial evidence" supporting the BIA's decision, so we must defer to that decision.

## III.

Rodriguez also contends that the BIA erred when it declined to remand his case. First, he argues that the affidavit by Accion Democratica was new evidence that warranted remanding the case for a new hearing. A motion to remand that seeks to introduce new evidence is treated by this Court as a motion to reopen, and "we employ a very deferential abuse of discretion standard" in reviewing those

6

motions.  Najjar v. Ashcroft, 257 F.3d 1262, 1301–02 (11th Cir. 2001).  Under the applicable regulations, the BIA must not grant a motion to reopen unless the new evidence "is material and was not available and could not have been discovered or presented at the former hearing . . . ."  8 C.F.R. § 1003.2(c)(1).  "An alien who attempts to show that the [new] evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case."  Jiang v. U.S. Att'y Gen., 568 F.3d 1252, 1256–57 (11th Cir. 2009).

Rodriguez has not met his "heavy burden" because the Accion Democratica affidavit is unlikely to change the result in this case.  Both the BIA and the IJ based their decisions on Rodriguez's inability to connect the instances of purported persecution with "significant political activity."  Evidence that Rodriguez was a member of an opposition party, without more, does not undermine that determination.  Although the affidavit verifies Rodriguez's membership in the party, it does not show that he engaged in "significant political activity," let alone was targeted by Chavistas for that activity.

Second, Rodriguez argues that the BIA should have remanded his case so that the IJ could determine whether he faces persecution for his membership in the social group of "those who suffer from bipolar disease and who exhibit erratic behavior."  We lack jurisdiction to review that argument because Rodriguez did

7

not raise it before the IJ.  See Dormescar v. U.S. Att'y Gen., 690 F.3d 1258, 1269 n.11 (11th Cir. 2012); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250–51 (11th Cir. 2006) (citing 8 U.S.C. § 1252(d)(1)).  True, Rodriguez marked on his initial application that he was applying based on "[m]embership in a particular social group."  But nothing in his sworn statement, his Pre-Hearing Statement, or his case before the IJ suggested that the social group he was referring to was "those with bipolar disease and who exhibit erratic behavior."  A checkmark, without actual argument accompanying it, is not enough to raise the issue before the IJ and thus not enough to provide us with jurisdiction.  Cf. Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments or authority.").

The IJ's (apparently sua sponte) decision to address the possibility that Rodriguez's bipolar disorder qualified him for asylum does not change that analysis.  This Court's jurisdiction is based on the issues Rodriguez raised, not the issues the IJ and the BIA decided.  See Amaya-Artunduaga, 463 F.3d at 1250–51. As a result, we lack jurisdiction over that portion of Rodriguez's appeal.

**PETITION DENIED IN PART AND DISMISSED IN PART.**