## MATTER OF LOPEZ

### In Deportation Proceedings

### A–12198436

*Decided by Board February 20, 1975*

(1) Service charged respondent was deportable under section 241(a)(11) of the Immigration and Nationality Act. Respondent admitted alienage and identity. The Service offered into evidence copies of an information and of a judgment and commitment relating to conviction for possession of marijuana in violation of 21 U.S.C. 844(a), of an individual with same name as respondent. The documents were certified to be true copies of the original, and bore the signature of the deputy clerk of court, and the raised seal of the court. This certification complies with the requirements of 8 CFR 287.6

(2) The identity of names between respondent and the person whose record of conviction was introduced into evidence permit an inference to be drawn that the documents related to the respondent. Respondent did not attempt to show the record of conviction did not relate to him. Thus, the evidence of deportability is clear, convincing and unequivocal and the decision of the immigration judge is correct.

CHARGE:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251(a)(11)]—Convinced of violation of law; to wit: Title 21 U.S.C. 844(a), possession of marijuana.

ON BEHALF OF RESPONDENT:
Juan Rocha, Jr., Esquire
1028 Connecticut Ave., N.W.
#1007
Washington, D.C. 20036

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

Attorney of record:
Luis M. Segura, Esquire
712 San Antonio Savings Bldg.
San Antonio, Texas 78205

The alien respondent has appealed from the September 17, 1973 decision of an immigration judge which ordered the respondent deported from the United States. The appeal will be dismissed.

The respondent is a native and citizen of Mexico who was admitted to the United States as an immigrant in 1961. The Service alleges that the respondent is deportable under section 241(a)(11) of the Immigration and Nationality Act as an alien who has been convictd of a crime relating to the illicit possession of marijuana.

During the course of the hearing, the respondent conceded all the factual allegations in the order to show cause except the allegation relating to the conviction. As to this allegation, the respondent asserted a Fifth Amendment privilege against self-incrimination.

The Service offered into evidence copies of an information and of a judgment and committment relating to the conviction, for possession of marijuana in violation of 21 U.S.C. 844(a), of an individual with the same name as the respondent. Counsel for the respondent objected to the introduction of these two items of proof on the ground that the Service had not laid the proper foundation for their admission into evidence. On appeal, counsel specifically challenges the manner in which the documents were authenticated.

The certification appearing on each of the documents reads "A true copy of the original, I certify." This is followed by the signature of the deputy clerk of the court. Each document also bears the "raised seal" of the court embossed upon the certification. We hold that this certification complies with the requirements of 8 CFR 287.6.

Counsel errs in contending that Rule 44 of the Federal Rules of Civil Procedure governs the manner in which official records must be proved in deportation proceedings. *Matter of McNeil,* 11 I. & N. Dec. 378, 384 (A.G. 1965). Moreover, we have held that a copy of a record of conviction arising out of a criminal action in a court in the United States is admissible in the absence of a specific certification by the clerk of the court that he is the custodian of the records. See *Matter of Gutnick,* 13 I. & N. Dec. 412, 416 (BIA 1969). The clerk of a court in the United States may be presumed to be the legal custodian of the records in his office. See *Mcroon* v. *INS,* 364 F.2d 982, 984 (C.A. 8, 1966).

Counsel does not allege that these records relate to someone other than the respondent. Their admission into evidence was proper. Cf. *United States* v. *Merrick,* 464 F.2d 1087 (C.A. 10, 1972), cert. denied, 409 U.S. 1023 (1972).

The identity of names between the respondent and the person whose record of conviction appears in evidence permits the inference to be drawn that the conviction relates to the respondent. The respondent has made no attempt to show that this conviction does not relate to him. We find that the evidence of deportability is clear, convincing and unequivocal. See *Matter of Cheung,* 13 I. & N. Dec. 794 (BIA 1971).

The decision of the immigration judge was correct.

**ORDER:** The appeal is dismissed.