[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2002
THOMAS K. KAHN
CLERK

No. 98-3048

I.N.S. No. A24 673 520

THEODORE FEQUIERRE,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

Petition for Review of a Final Order of
the Board of Immigration Appeals

**(January 25, 2002)**

Before ANDERSON, Chief Judge, TJOFLAT and BIRCH, Circuit Judges.

TJOFLAT, Circuit Judge:

On January 24, 1990, an immigration judge issued an order to show cause why the appellant, a Haitian national who had been admitted into the United States for permanent residence and was living in Palm Beach County, Florida, should not be deported under section 241(a) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. § 1227(a) (1999), because, in 1986, he had committed an aggravated felony, the possession of cocaine with intent to distribute, in violation of Fla. Stat. Ann. § 893.13 (West 2000). Responding to the order to show cause, appellant requested a withholding of deportation pursuant to section 212(c) and (h) of the Act, 8 U.S.C. § 1182(c) and (h) (1999).[1] In support of his request, appellant represented that he had a wife and six minor children living in Palm Beach County, and that he was their principal source of support.[2]

Appellant's case was heard before an immigration judge. At the hearing, appellant, after being place under oath, admitted that he had been convicted as

---

[1] Section 212(c) authorized the Attorney General to grant a discretionary waiver of deportation allowing an alien to remain in the United States despite a finding of deportability. That section is inapplicable in this case because it was repealed by section 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Div. C of Pub. L. No. 104-208, § 304(b) 110 Stat. 3009-546, 3009-597 (1996).

Section 212(h) authorizes the Attorney General to withhold deportation of an alien if deportation "would result in extreme hardship to the United States Citizen or lawfully resident spouse, parent, son, or daughter of such alien." 8 U.S.C. § 1182(h)(2)(B) (1999).

[2] Appellant was employed as a minister of a church in West Palm Beach.

2

recited in the order to show cause. The judge sympathized with appellant's situation – that his deportation would deprive his wife and children of a husband and father – but said that Congress had spoken: appellant's 1986 conviction required that he be deported.[3] The judge denied appellant section 212 relied and ordered him deported.

Appellant appealed the immigration judge's decision to the Board of Immigration Appeals (BIA).[4] There, he contended that his 1986 conviction should be disregarded because he had not committed the offense of which he was convicted, possession of cocaine with intent to distribute. He admitted that he had been present in a house in which the police had found cocaine, but that he was an innocent bystander who had no knowledge that the drugs were there. He pled guilty because the public defender had advised him that, if he did so, he would not have to go to prison. If his conviction were disregarded, he argued, that he had a

---

[3] Section 212(h) precludes a withholding of deportation "in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony. . . ." Appellant's 1986 conviction for violating Fla. Stat. Ann. § 893.13 constituted an aggravated felony under the Uniform Controlled Substance Act. See 21 U.S.C. § 802 (1999).

[4] At the conclusion of his hearing before the immigration judge, appellant waived his right of appeal; when asked if he would like to appeal or accept the decision, he responded "I accept it." After appellant lodged his appeal with the BIA, the INS's assistant district counsel filed a memorandum with the BIA urging it to dismiss the appeal on the basis of appellant's waiver. The BIA disregarded counsel's request and entertained the merits of appellant's arguments on appeal.

wife and six children living in Palm Beach and that he dutifully supported them should warrant the relief he was seeking. The BIA affirmed. Appellant's 1986 conviction constituted an aggravated felony and made appellant ineligible for withholding of deportation. Appellant now appeals the BIA's decision.

## II.

In his brief to us, appellant raises three issues. Only one is pertinent: whether, at the hearing before the immigration judge, the INS established that appellant had been convicted of the 1986 drug offense cited in the order to show cause.[5] We conclude that the evidence before the judge established that fact, and therefore affirm.

Section 240a(c)(3) of the Act required the INS to establish "by clear and convincing evidence" that appellant, an admitted alien, was deportable. 8 U.S.C. § 1229a(c)(3) (1999). In this case, to establish that appellant was deportable, the INS had to prove was that he had been convicted of the drug offense cited in the order

---

[5] The other issues raised in appellant's brief are (1) whether we have jurisdiction to determine if appellant was "admitted for permanent residence" and (2) whether the immigration judge conducted the hearing as if appellant was an alien who had not been lawfully admitted into the United States, rather than an alien who had been admitted for permanent residence, as the order to show cause alleged. Since the order to show cause alleged that appellant was "legally admitted for permanent residence," the INS removed the issue of appellant's admission status from the case. Accordingly, the only question to be decided by the immigration judge was whether appellant had been convicted of the offense cited in the order to show cause, a violation of Fla. Stat. § 893.13.

to show cause. Under section 1229a(c)(3)(B), any of the following "shall constitute proof of a criminal conviction":

> (i)     An official record of judgment and conviction.
>
> (ii)    An official record of plea, verdict, and sentence.
>
> (iii)   A docket entry from court records that indicates the existence of the conviction.
>
> (iv)   Official minutes of a court proceeding or a transcript of a court hearing in which the court takes notice of the existence of the conviction.
>
> (v)     An abstract of a record of conviction prepared by the court in which the conviction was entered, or by a State official associated with the State's repository of criminal justice records, that indicates the charge or section of law violated, the disposition of the case, the existence and date of conviction, and the sentence.
>
> (vi)   Any document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of a conviction.
>
> (vii)  Any document or record attesting to the conviction that is maintained by an official of a State or Federal penal institution, which is the basis for that institution's authority to assume custody of the individual named in the record.

8 U.S.C. § 1229a(c)(3)(B).

Appellant asks us to reverse the BIA's decision because, at the hearing before the immigration judge, the INS did not establish his 1986 conviction by one of these seven forms of proof. In his view, section 1229a(c)(3)(B) required such proof; the fact that he acknowledged under oath that he had been convicted as alleged would not constitute the "reasonable, substantial, and probative evidence" required to sustain the immigration judge's decision. 8 U.S.C. § 1229a(c)(3)(A).

The problem with appellant's argument is that section 1229a(c)(3)(B) does not state that the forms of proof it lists constitute the sole means of establishing a criminal conviction; rather, the statute merely says that such forms "shall constitute proof of a criminal conviction." Other forms of proof will suffice if "probative." One such form, obviously, is the alien's admission of the conviction under oath.

The decision of the BIA is, accordingly,

AFFIRMED.