# Matter of J. R. VELASQUEZ, Respondent

*Decided January 24, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) The documents listed in section 240(c)(3)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(3)(B) (2006), and 8 C.F.R. § 1003.41(a) (2011) are admissible as evidence of a criminal conviction in immigration proceedings, but pursuant to 8 C.F.R. § 1003.41(d), other probative evidence may also be admitted to prove a conviction in the discretion of the Immigration Judge.

(2) Conviction records that were submitted by electronic means are conclusively admissible as evidence of a criminal conviction in immigration proceedings if they are authenticated in the manner specified by section 240(c)(3)(C) of the Act and 8 C.F.R. § 1003.41(c), but those methods of authentication, which operate as "safe harbors," are not mandatory or exclusive, and documents that are authenticated in other ways may be admitted if they are found to be reliable.

(3) A document that requires authentication but that is not authenticated is not admissible as "other evidence that reasonably indicates the existence of a criminal conviction" within the meaning of 8 C.F.R. § 1003.41(d).

FOR RESPONDENT: Ana T. Jacobs, Esquire, Washington, D.C.

FOR THE DEPARTMENT OF HOMELAND SECURITY: Ginger Vaudrey, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, GREER, and MALPHRUS, Board Members.

PAULEY, Board Member:

In a decision dated March 16, 2011, an Immigration Judge found the respondent removable under section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(ii) (2006), as an alien convicted of multiple crimes involving moral turpitude, and ordered him removed from the United States. The respondent has appealed from that decision.[1] The appeal will be sustained in part and the record will be remanded.

---

[1] The respondent also filed a motion to remand. *See* 8 C.F.R. § 1003.2(c)(4) (2011). Because we are remanding the record in any event, that motion will be denied as moot.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of El Salvador and a lawful permanent resident of the United States.  In December 2009, the Department of Homeland Security ("DHS") initiated these removal proceedings by filing a Notice to Appear (Form I-862) in Immigration Court, charging the respondent with deportability as an alien convicted of multiple crimes involving moral turpitude under section 237(a)(2)(A)(ii) of the Act.[2] In support of that charge, the DHS alleged that the respondent sustained a 2008 conviction for receiving stolen property in violation of section 18.2-108 of the Virginia Code and a 2009 conviction for sexual battery in violation of section 18.2-67.4 of the Virginia Code.  The respondent denied both the allegations and the charge of deportability, so pursuant to section 240(c)(3)(A) of the Act, 8 U.S.C. § 1229a(c)(3)(A) (2006), the DHS was required to adduce "clear and convincing evidence" of the convictions.

To prove the 2008 conviction for receipt of stolen property, the DHS proffered a certified copy of a document designated Form DC-314, which was issued by the General District Court for Prince William County, Virginia, and includes a judgment, signed by a judge of the General District Court, reflecting that the respondent pled guilty to receiving stolen property; was found guilty of that offense; was fined $300, with $200 suspended; and received a sentence to 30 days in jail, which was suspended.  This copy of an official document is conclusively admissible as valid evidence of a criminal conviction in removal proceedings because it is of a type approved by Congress in section 240(c)(3)(B)(i) of the Act, and because it bears a stamp signed by the Deputy Clerk of the Prince William County General District Court certifying that it is a true copy of the original in compliance with 8 C.F.R. §§ 287.6(a) and 1003.41(a)(1) and (b) (2011).

To prove the 2009 conviction for sexual battery, the DHS initially proffered an electronically submitted copy of another document designated Form DC-356, which was issued by the Juvenile and Domestic Relations District Court for Prince William County, Virginia.[3]  This document—which bears the title "Disposition Notice"—is in the nature of an abstract of judgment, a type of document that is ordinarily admissible to prove

---

[2] The respondent was also charged with deportability under section 237(a)(2)(E)(i) of the Act as an alien convicted of a "crime of domestic violence."  The Immigration Judge dismissed that charge, however, and its validity is not before us.

[3] The Immigration Judge indicated that the document was electronically transmitted and neither party has challenged that finding.

a conviction in removal proceedings pursuant to section 240(c)(3)(B)(v) of the Act and 8 C.F.R. § 1003.41(a)(5). On the first page of the document is a notation reflecting that the respondent was convicted of misdemeanor sexual battery under section 18.2-67.4 of the Virginia Code, was fined $456, and was sentenced to 11 months in jail, with 10 months suspended. This document bears no certification stamp from the Court Clerk. Also, no immigration officer attested to its authenticity in writing.[4]

During his proceedings in Immigration Court, the respondent objected to the DHS's proffered conviction records—including the "Disposition Notice"—on the ground that they were not properly certified. In his decision ordering the respondent removed, the Immigration Judge overruled that objection, which he characterized as arising under 8 C.F.R. § 1003.41(c), which states in relevant part that "[a]ny record of conviction or abstract that has been submitted by electronic means to the [DHS] from a state or court shall be admissible as evidence to prove a criminal conviction" if (1) an appropriate State official certifies its authenticity, and (2) a DHS official certifies in writing that the document was received electronically from the State's or court's repository of records. *See also* section 240(c)(3)(C) of the Act (tracking, without substantive change, the language of 8 C.F.R. § 1003.41(c)).

The Immigration Judge acknowledged that some of the conviction documents proffered by the DHS were not certified under 8 C.F.R. § 1003.41(c)(1) or (2), but he nevertheless found them admissible under 8 C.F.R. § 1003.41(d), a "catch-all" provision which states that "[a]ny other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof." According to the Immigration Judge, the uncertified documents were admissible because there was "not any indication in the record of proceedings that the documents in question are not authentic and accurate."

On appeal, the respondent reiterates his prior objections to the DHS's evidence and maintains that the Immigration Judge's removability determination was erroneous to the extent it relied on that evidence. Alternatively, the respondent argues that his offenses of conviction were not crimes involving moral turpitude.

---

[4] The group exhibit also contains uncertified copies of three felony arrest warrants, issued by a magistrate in October 2009 and directing police officers to arrest the respondent on suspicion of having committed various offenses, none of which corresponds to that defined by section 18.2-67.4 of the Virginia Code.

## II.  ANALYSIS

A.  Authentication of Conviction Records in Immigration Proceedings[5]

In general, the test for admission of evidence in immigration proceedings is simply "whether the evidence is probative and its admission is fundamentally fair."  *Matter of D-R-*, 25 I&N Dec. 445, 458 (BIA 2011) (quoting *Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995)) (internal quotation mark omitted); *see also Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990).  Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure are binding.  *E.g.*, *Singh v. Holder*, 638 F.3d 1196, 1209-10 (9th Cir. 2011); *Matter of D-R-*, 25 I&N Dec. at 458-59 & n.9; *Matter of Lopez*, 15 I&N Dec. 183, 184 (BIA 1975); *Matter of Gutnick*, 13 I&N Dec. 412, 416-17 (BIA 1969).  Accordingly, when we are called upon to review an Immigration Judge's decision admitting a conviction record into evidence, the relevant question is ordinarily only "whether [the] respondent has had due process; or to be specific here, whether the criminal records correctly reflect the facts."  *Matter of Gutnick*, 13 I&N Dec. at 416.

Congress has enacted special provisions that govern and clarify the admissibility of evidence to prove the existence of a conviction.  Section 240(c)(3)(B) of the Act enumerates some types of conviction documents that are categorically admissible in removal proceedings and provides in a parenthetical clause that "a certified copy" of such records is also admissible.  This statutory reference to "certified" copies of official conviction records is enlarged upon in the corresponding regulation at 8 C.F.R. § 1003.41(b), which provides for the admissibility of copies that are authenticated either through 8 C.F.R. § 287.6(a)—which calls for the submission of "a copy attested by the official having legal custody of the [original] record or by an authorized deputy"—or through the submission of a written attestation by an immigration officer that the proffered document is "a true and correct copy of the original."[6]  Records submitted to the DHS

---

[5]  Sections 240(c)(3)(B) and (C) and 8 C.F.R.§ 1003.41, by their explicit terms, deal only with the question of admissibility of documentary evidence to prove a conviction's existence, not with the sufficiency of such evidence.  Therefore this case only addresses the *authentication* of documents as it relates to their *admissibility*, not with their overall probativeness or sufficiency to meet a burden of proof.

[6]  Section 240(c)(3)(B) and 8 C.F.R. § 1003.41(a) enumerate types of documents that may be used to prove the *existence* of a *conviction*.  Those provisions do not apply when documents relating to criminal proceedings are proffered to prove a fact *other than* the existence of a conviction, such as to prove the nature of a respondent's *conduct*

(continued...)

by electronic means, as was found to be the case here, such as by facsimile telecopying or by email, are also conclusively admissible as evidence of a criminal conviction in removal proceedings if they are authenticated in the manner contemplated by section 240(c)(3)(C) of the Act. *See also* 8 C.F.R. § 1003.41(c). Under that statute, if the authenticity of an electronically transmitted document is certified in writing by *both* the official with custody of the original *and* a qualified DHS official, then that document "shall be admissible" in removal proceedings. Section 240(c)(3)(C) of the Act.

Although some form of authentication is required, the precise *methods* of authentication described in section 240(c)(3)(C) and 8 C.F.R. § 1003.41 are not mandatory or exclusive. Rather, those provisions were intended to operate as "safe harbors," setting forth the conditions under which conviction documents—including those transmitted by electronic means—*must* be admitted; Immigration Judges may admit documents that are authenticated in other ways if they are found to be reliable. *See Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1196 (9th Cir. 2006) (holding that section 240(c)(3)(C) operates as a safe harbor in that "it establishes the maximum standard for authentication of electronically transmitted records of conviction, but it does not establish a minimum standard"). So long as an alien's due process right to a fair hearing is protected, "any [authentication] procedure that comports with common law rules of evidence constitutes an acceptable level of proof." *Iran v. INS*, 656 F.2d 469, 472 n.8 (9th Cir. 1981). "The guiding principle is that proper authentication requires some sort of proof that the document is what it purports to be." *Sinotes-Cruz v. Gonzales*, 468 F.3d at 1196.

Turning to the present facts, we conclude that the "Disposition Notice" proffered by the DHS as proof of the respondent's 2009 sexual battery conviction is not admissible into evidence because it is not authenticated *at all*.[7] This is not a case where the DHS merely used a method

---

(...continued)
in connection with a request for release on bond or for discretionary relief from removal. *See Matter of Guerra*, 24 I&N Dec. 37, 40-41 (BIA 2006); *Matter of Thomas*, 21 I&N Dec. 20, 24-25 (BIA 1995).

[7] We note that although the Immigration Judge stated in his order that the respondent "has neither claimed that he was not convicted of the crimes set forth in Exhibits 2 and 3 nor claimed that he did not commit the crimes," the respondent's denial, through counsel, of the factual allegations set forth on the Notice to Appear during the pleading stage of his removal hearing was sufficient to place the burden of production on the DHS. The respondent was not obliged to come forward with evidence to disprove the DHS's allegations. Had the respondent formally admitted the existence of his convictions during his removal hearings, the DHS would thereby have met its burden of proof without having to adduce independent

(continued...)

of authentication less rigorous than that contemplated by section 240(c)(3)(C) and 8 C.F.R. § 1003.41(b) or (c). Had the DHS used *any* recognized method of authentication, such as a written attestation of a DHS official who made the copy or received it electronically from the court clerk, the Immigration Judge would then determine to either admit or exclude the document based on whether it bore sufficient indicia of probativeness and reliability to satisfy due process. For example, in *Sinotes-Cruz v. Gonzales*, 468 F.3d at 1196-97, conviction documents that were sent by FAX to the former Immigration and Naturalization Service were found to have sufficient indicia of authenticity and to be admissible in removal proceedings, despite the lack of certification by a State official, where they were certified by the immigration official who received them. Thus, if a party to removal proceedings proffers a conviction record using methods of authentication less rigorous than those contemplated by the specified "safe harbors," that party bears the risk that the Immigration Judge may exclude the document as unreliable. Where the document bears no authentication of any kind, however, the mere fact that it was proffered by the Government is not sufficient to establish its admissibility.

### B. Purpose and Effect of 8 C.F.R. § 1003.41(d)

The Immigration Judge and the DHS took the position below that documents of the types included in 8 C.F.R. § 1003.41(c) and section 240(c)(3)(B) of the Act (including those submitted electronically) could be admitted into evidence, despite a lack of authentication, because they are "[a]ny other evidence that reasonably indicates the existence of a criminal conviction," within the meaning of 8 C.F.R. § 1003.41(d). We disagree. Although that is a possible reading of the regulation, we consider it inconsistent with the purpose of the regulation.

Nothing in the history of 8 C.F.R. § 1003.41(d) suggests that it was intended or understood by its drafters to describe an exception to the general authentication requirement, nor are we aware of any reported court decision so construing it. On the contrary, such an interpretation would render largely meaningless the carefully crafted methods of authentication

---

(...continued)

documentary evidence. *See, e.g.*, *Roman v. Mukasey*, 553 F.3d 184, 187 (2d Cir. 2009) (per curiam); *Fequiere v. Ashcroft*, 279 F.3d 1325, 1327 (11th Cir. 2002); *Maroon v. INS*, 364 F.2d 982, 986 (8th Cir. 1966); *Matter of Pichardo*, 21 I&N Dec. 330, 333 n.2 (BIA 1996); *Matter of Velasquez*, 19 I&N Dec. 377, 382 (BIA 1986).

contemplated by 8 C.F.R. §§ 1003.41(b) and (c), which were promulgated contemporaneously with § 1003.41(d).

Instead, the regulatory history of 8 C.F.R. § 1003.41(d) reflects that it was promulgated to clarify that the list of documents set forth in 8 C.F.R. § 1003.41(a) is not exhaustive, and "that other evidence may be used to demonstrate a criminal conviction, if in the discretion of the Immigration Judge, it is deemed probative and relevant." Executive Office for Immigration Review; Criminal Conviction Records, 57 Fed. Reg. 60,740 (proposed Dec. 22, 1992), 1992 WL 379143 (Supplementary Information) ("The list of admissible documents and records specified in the proposed rule will not be exclusive; it will merely identify those most commonly available to the INS at present."). In keeping with that understanding of the rule, which we now formally adopt, the Federal courts of appeals have affirmed numerous decisions in which we deemed unlisted documents to be admissible as evidence of a conviction in immigration proceedings. *See, e.g.*, *Singh v. Holder*, 638 F.3d at 1210 ("rap sheet"); *Barradas v. Holder*, 582 F.3d 754, 762-64 (7th Cir. 2009) (Record of Deportable/Inadmissible Alien (Form I-213), coupled with a Customs and Border Protection Memorandum (Form I-831)); *Rosales-Pineda v. Gonzales*, 452 F.3d 627, 630-31 (7th Cir. 2006) (same); *Francis v. Gonzales*, 442 F.3d 131, 142 (2d Cir. 2006) (finding a Jamaican police report admissible but insufficient by itself to prove the existence of a conviction).[8] We also note that other documents such as an appellate court decision affirming or otherwise referencing a conviction would appear to fall within the catch-all regulatory provision.

## III. CONCLUSION

In conclusion, the evidence relied upon by the Immigration Judge as proof of the respondent's 2008 conviction for receipt of stolen property was admissible for that purpose, but the evidence he deemed conclusive of the respondent's 2009 sexual battery conviction was inadmissible because

---

[8] Thus, although section 240(c)(3)(B) of the Act lists documents that constitute proof of conviction, the enumeration of these documents does not give rise to a negative inference that other unlisted documents are prohibited from consideration. *See Francis v. Gonzales*, 442 F.3d at 142 ("It seems to us to be reasonable enough for the Attorney General to read [section 240(c)(3)(B)] as a list of what documents constitute conclusive proof of conviction, as it says, but not as a prohibition on admitting other types of documents."); *Fequiere v. Ashcroft*, 279 F.3d at 1327 (holding that "section [240](c)(3)(B) does not state that the forms of proof it lists constitute the sole means of establishing a criminal conviction; rather, the statute merely says that such forms 'shall constitute proof of a criminal conviction.' Other forms of proof will suffice if 'probative.'")

it lacked any method of authentication. The respondent's deportability under section 237(a)(2)(A)(ii) of the Act depends upon sufficient proof of *both* convictions, and thus the charge cannot be sustained on the basis of the evidence cited by the Immigration Judge.

However, we note that on July 21, 2010, approximately 8 months before the Immigration Judge rendered his decision, the DHS proffered a number of additional conviction records in an effort to prove the respondent's sexual battery conviction. These documents are included in the administrative record and may be sufficient to prove the existence of the respondent's sexual battery conviction, but for unknown reasons they were neither marked for identification purposes nor admitted into the record. While the respondent's attorney objected to the admission of some but not all of these documents, we see no indication that the Immigration Judge ever ruled on that objection or otherwise took action to exclude or admit the evidence. Under the circumstances, we find it necessary to remand the record for supplemental fact-finding and for the entry of a new decision. *See Matter of S-H-*, 23 I&N Dec. 462 (BIA 2002).

If the respondent's alleged sexual battery conviction is proven on remand, then the Immigration Judge should examine that conviction (as well as the respondent's conviction for receiving stolen property) using the "hierarchical or sequential" methodology prescribed for assessing moral turpitude cases by *Matter of Silva-Trevino*, 24 I&N Dec. 687 (A.G. 2008). *Matter of Ahortalejo-Guzman*, 25 I&N Dec. 465, 468 (BIA 2011); *see also Matter of Guevara Alfaro*, 25 I&N Dec. 417 (BIA 2011). The respondent may seek cancellation of removal before the Immigration Judge, if found to be eligible, but we offer no present opinion as to the merits of any such application. *See Matter of Interiano-Rosa*, 25 I&N Dec. 264, 266 (BIA 2010). Accordingly, the respondent's appeal will be sustained in part, the Immigration Judge's order will be vacated, and the record will be remanded.

**ORDER:** The appeal is sustained in part and the Immigration Judge's order of removal is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.

**FURTHER ORDER:** The respondent's motion to remand is denied as moot.