[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10253
Non-Argument Calendar

_____

Agency No. A042-250-269

ODIA LAVINA MCDONALD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 19, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Odia Lavina McDonald, a native and citizen of Jamaica, petitions for review of the decision of the Board of Immigration Appeals that affirmed an order to remove her from the United States, 8 U.S.C. § 1227(a)(2)(A)(ii), (iii), and denied her application for cancellation of removal, id. § 1229b(a).  We deny McDonald's petition.

McDonald entered the United States lawfully in 1989.  After her admission, McDonald committed several felonies in Florida and was convicted in 1996 for robbery, see Fla. Stat. § 812.13(2)(c), and in 2007 for felony petit theft, see id. § 812.014(3)(c).  In 2010, the Department of Homeland Security served McDonald with a notice to appear charging that she was removable because she had been convicted of two or more crimes involving moral turpitude, see 8 U.S.C. § 1227(a)(2)(A)(ii), and an aggravated felony for a theft offense, see id. § 1127(a)(2)(A)(iii).  McDonald eventually admitted that she was removable, and an immigration judge told McDonald that she had 30 days to file an application for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment and that she would receive a copy of the application form by mail.  See id. § 1231(b)(3).

McDonald failed to file an application for relief under the Convention, and the immigration judge ordered McDonald removed to Jamaica.  McDonald appealed to the Board and moved to remand her case to apply for deferral of

2

removal.  In her motion, which the Department did not oppose, McDonald argued that the immigration judge failed to send her an application.  The Board granted McDonald's motion and remanded the case for her to apply for relief under the Convention with instructions for the immigration judge to conduct "further proceedings consistent with [the] opinion."

On remand, McDonald initially filed an application for withholding of removal under the Convention, but she later moved to terminate her immigration proceedings on the ground that she was not removable and, in the alternative, for waiver and a cancellation of removal, see 8 U.S.C. § 1182(c) (repealed Sept. 1996).  The Department filed additional charges that McDonald was removable because she had been convicted of an aggravated felony for a crime of violence, see id. § 1227(a)(2)(A)(iii), and the notice listed nine additional convictions of McDonald in the Florida courts, including a conviction in 2002 for forgery, see Fla. Stat. § 831.01.  The Department submitted records from the Florida courts, including several scoresheets reflecting that McDonald had a conviction for felony third degree forgery, see id. § 831.01, and an arrest warrant and minutes of sentencing establishing that McDonald received a sentence of one year in February 1996 for robbery, see id. § 812.13.

The immigration judge reconsidered the charges against McDonald and again ordered her removed from the United States.  The immigration judge found

that McDonald was removable on two grounds: (1) she had been convicted of two or more crimes of moral turpitude, see 8 U.S.C. § 1227(a)(2)(A)(ii), including robbery, see Fla. Stat. § 812.13(2)(c), forgery, see id. § 831.01, and fraudulent use of personal identification, see id. § 817.568; and (2) her conviction in 1996 for robbery was a crime of violence, see 8 U.S.C. § 1227(a)(2)(A)(iii). The immigration judge also found that McDonald was ineligible for a waiver and cancellation of removal because her conviction for robbery constituted an aggravated felony for a crime of violence. See id. § 1229b. McDonald moved for reconsideration and, after the immigration judge denied the motion, McDonald withdrew her application for withholding of removal under the Convention and appealed to the Board.

The Board affirmed the decision of the immigration judge. The Board found that the Department had the authority to file additional charges of removability after the remand because McDonald's "removal proceedings were still pending" and the immigration judge correctly classified McDonald's conviction for robbery as an aggravated felony for a crime of violence. The Board also found that McDonald had a prior conviction for forgery and, because she did not dispute that her conviction for fraudulent use of personal identification also was a crime of moral turpitude, she was removable on that basis. See id. § 1227(a)(2)(A)(ii). The Board further found that McDonald was statutorily ineligible for a waiver and

4

cancellation of removal, see id. § 1229b(a), and, even if she had been eligible, the Board would have denied "relief as a matter of discretion given [McDonald's] lengthy criminal history and lack of countervailing positive equities."

The Board did not err in finding that the Department could lodge additional charges against McDonald on remand. The Board did not "qualif[y] or limit[] the remand for a specific purpose, . . . [and] the remand [was] effective . . . for consideration of any and all matters which [the immigration judge] deem[ed] appropriate." See Matter of Patel, 16 I & N Dec. 600, 601 (BIA 1978). Because the removal proceedings were not final, the immigration judge had the authority to allow the Department to file new charges against McDonald. See Dormescar v. U.S. Att'y Gen., 690 F.3d 1258, 1270 (11th Cir. 2012); 8 C.F.R. § 1003.30 ("At any time during deportation or removal proceedings, additional or substituted charges of deportability and/or factual allegations may be lodged by the Service in writing."). And McDonald received notice of and an opportunity to respond to the new charges. See 8 C.F.R. §§ 1003.30, 1240.10(e). After the Department filed the additional charges, the immigration judge held three hearings to determine whether McDonald was removable and whether she was eligible for cancellation of removal.

The Board also did not err in finding that McDonald's prior conviction for forgery was a crime involving moral turpitude. Although the term "moral

5

turpitude" is not defined by statute, we consider an offense involving dishonesty or false statements to be a crime of moral turpitude. Itani v. Ashcroft, 298 F.3d 1213, 1215 (11th Cir. 2002). McDonald's forgery crime for making a false writing, see Fla. Stat. § 831.01, qualifies as a prohibited offense. See Cano v. U.S. Att'y Gen., 709 F.3d 1052, 1053 (11th Cir. 2013) (stating that a crime of moral turpitude involves conduct "contrary to the accepted and customary rule of right and duty between man and man" (internal quotation marks omitted)); Itani, 298 F.3d at 1215 (same).

And the Department introduced sufficient evidence of McDonald's conviction for forgery. See 8 U.S.C. § 1229a(c)(3)(B); 8 C.F.R. § 1003.41(d). The Department introduced several scoresheets on which the Florida courts relied on McDonald's conviction for forgery to calculate her criminal history score, and those scoresheets were, by law, reviewed for accuracy by defense counsel and the sentencing judge in each case. See Fla. Stat. § 921.002; Fla. R. Crim. P. 3.704(d)(1), 3.704(d)(4), 3.992. These official records sufficed as proof of McDonald's forgery conviction. See Fequiere v. Ashcroft, 279 F.3d 1325, 1327 (11th Cir. 2002) ("[S]ection 1229a(c)(3)(B) does not state that the forms of proof it lists constitute the sole means of establishing a criminal conviction; rather, the statute merely says that such forms 'shall constitute proof of a criminal conviction.' Other forms of proof will suffice if 'probative.'").

6

McDonald argues that she was eligible for cancellation of removal because her prior conviction for robbery did not qualify as a crime of violence, but we need not address that argument.  Even if we were to assume that McDonald's prior conviction did not qualify as a crime of violence, we could not give her any meaningful relief.  See Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001).  The Board stated that "if [McDonald] was eligible [for cancellation of removal], [it] would deny relief as a matter of discretion," and this Court would not have jurisdiction to review that discretionary decision, see 8 U.S.C. § 1252(a)(2)(B)(i).

We **DENY** McDonald's petition.