12-3324
Bazuaye v. Holder

BIA
A024 359 599

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand fourteen.

PRESENT:
         ROSEMARY S. POOLER,
         DEBRA ANN LIVINGSTON,
         DENNY CHIN,
              *Circuit Judges.*

_____

JEROMI H. BAZUAYE, AKA BRADLEY CAIN,
AKA JEROMI BAZUAYE, AKA JOROMI
BAZUAYE,
              *Petitioner,*

         v.                                    12-3324
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
              *Respondent.*

_____

FOR PETITIONER:        Thomas K. Ragland, Benach Ragland
                       LLP, Washington, D.C.

OR RESPONDENT:         Stuart F. Delery, Acting Assistant
                       Attorney General; Keith I. McManus,
                       Senior Litigation Counsel; Matt A.
                       Crapo, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED for lack of jurisdiction.

Petitioner Jeromi H. Bazuaye, a native and citizen of Nigeria, seeks review of an August 17, 2012, order of the BIA denying his motion to reconsider and reopen. *In re Jeromi H. Bazuaye*, No. A024 359 599 (B.I.A. Aug. 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of motions to reconsider and reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found . . . where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

2

Although we lack jurisdiction to review a final order of removal against an alien, such as Bazuaye, who is removable for having been convicted of a an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D), which are subject to *de novo review*, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). "[W]e lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008) (citation omitted).

I.  Motion to Reconsider

Bazuaye fails to raise a colorable constitutional claim or question of law with respect to the denial of his motion to reconsider as untimely. *See Barco-Sandoval*, 516 F.3d at 40; *see also Ke Zhen Zhao*, 265 F.3d at 93. Indeed, Bazuaye's January 2012 motion was filed more than a year after the 30-day period expired in September 2010. *See* 8 C.F.R. § 1003.2(b)(2) ("A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision."); *accord* 8 U.S.C. § 1229a(c)(6)(B). Although the BIA "may at any time . . .

3

reconsider on its own motion any case in which it has rendered a decision," 8 C.F.R. § 1003.2(a), Bazuaye fails to identify any authority in support of his contention that the filing deadline on motions to reconsider may be equitably tolled. Moreover, while we have recognized that the statutory time limitation on motions to reopen may be equitably tolled on the basis of ineffective assistance of counsel or "where fraud or concealment of the existence of a claim prevents an alien from timely filing [his] motion," *Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008) (citation omitted), Bazuaye's equitable tolling argument was premised on the fact that he filed his motion after learning about the BIA's decision in *Matter of J.R. Velasquez*, 25 I. & N. Dec. 680 (B.I.A. 2012) (establishing guidelines for the admission of evidence to prove criminal convictions in immigration proceedings). Accordingly, Bazuaye's contention that the BIA erred in failing to equitably toll the time limitation on his motion to reconsider is too "insubstantial and frivolous . . . to invoke federal-question jurisdiction." *Barco-Sandoval*, 516 F.3d at 40 (citations omitted).

## II. Motion to Reopen

Bazuaye also fails to raise a colorable constitutional claim or question of law with respect to the denial of his untimely motion to reopen. *See id.* An alien seeking to reopen proceedings must file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). As the BIA noted, Bazuaye's January 2012 motion was untimely because it was filed more than year after his order of removal became final in August 2010. *See* 8 U.S.C. § 1101(a)(47)(B)(i) (defining final order or removal). Although Bazuaye sought reopening to apply for adjustment of status on the basis of an approved visa petition, "untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen." *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) (citing 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv) and 8 C.F.R. § 1003.2(c)(3)). Bazuaye's assertion that the BIA did not specifically address his request for reopening to apply for adjustment of status is flatly contradicted by the record  and is too "insubstantial and frivolous . . . to invoke

5

federal-question jurisdiction." *Barco-Sandoval*, 516 F.3d at 40 (citations omitted).  As a result, Bazuaye has failed to raise a reviewable constitutional claim or question of law in connection with the BIA's denial of his untimely motion to reopen.

For the foregoing reasons, the petition for review is DISMISSED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.  The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6