[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14696
Non-Argument Calendar
_____

Agency No. A034-607-062


CURT MARTIN JUNIOR ROBLEY,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 5, 2019)

Before ED CARNES, Chief Judge, JILL PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

The Department of Homeland Security sought to remove Curt Martin Junior Robley from the United States based on his criminal record.  An immigration judge dismissed Robley's application for cancelation of removal under 8 U.S.C. § 1229b(a), and the Board of Immigration Appeals dismissed his appeal.[1]  Robley now petitions for review of the Board's decision, contending that the Board should not have admitted and relied on a state appellate court decision as evidence that he had been convicted of an aggravated felony.

## I.

Robley is a native and citizen of Trinidad and Tobago.  He became a lawful permanent resident of the United States in 1974.[2]  In 2016, after Robley returned from a trip overseas, Homeland Security charged that he was inadmissible to the United States because he had been convicted of cocaine possession in 1997 and of armed robbery, attempted murder, and aggravated assault in 1988.  Homeland Security began proceedings to remove him from the country.

Robley applied for cancellation of removal under § 1229b(a).  Homeland Security moved to dismiss his application, arguing that his 1988 convictions are

---

[1] The immigration judge, Homeland Security, and the Board all used the word "pretermit" to refer to what the immigration judge did to Robley's petition.  The parties use it in their appellate briefs, too.  Because we prefer plain English, we will use the word "dismiss" instead.

[2] An alien who is a lawful permanent resident has "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws."  8 U.S.C. § 1101(a)(20).

2

aggravated felonies that make him ineligible for that relief.  But the court documents from Robley's 1988 case are inconsistent — the crimes alleged in the indictment are different from the ones to which he pleaded guilty.  To clear up that confusion, Homeland Security submitted a New Jersey appellate court decision affirming the sentence imposed in Robley's 1988 case.  The decision states that Robley was indicted for robbery, under N.J. Stat. § 2C:15-1; attempted murder, under N.J. Stat. § 2C:11-3; and aggravated assault, under N.J. Stat. § 2C:12-1(b)(1); and that he pleaded guilty to those same counts of armed robbery, attempted murder, and aggravated assault.  The immigration judge, relying in part on that appellate decision, found that Robley had in fact been convicted of an aggravated felony.  He dismissed Robley's application.

Robley appealed to the Board.  He contended that the state appellate court decision was not admissible under 8 C.F.R. § 1003.41 as evidence of his convictions.  He also contended that the appellate decision was not reliable evidence and did not establish that he had been convicted of any particular crime. But the Board agreed with the immigration judge and dismissed Robley's appeal. Robley now petitions this Court for review on the same grounds.

## II.

When the Board issues its own decision and does not expressly adopt the opinion or reasoning of the immigration judge, as it did here, we review only the

3

Board's decision.  See Lopez v. U.S. Att'y Gen., 914 F.3d 1292, 1297 (11th Cir. 2019).  We review the Board's legal conclusions de novo and its factual determinations for substantial evidence.  Id.  We review our own subject matter jurisdiction de novo.  Malu v. U.S. Att'y Gen., 764 F.3d 1282, 1286 (11th Cir. 2014).

By statute we lack jurisdiction to review any final removal order against an alien who is removable because he committed a controlled substance offense.  See 8 U.S.C. § 1252(a)(2)(C); Lopez, 914 F.3d at 1297.  And we lack jurisdiction to review the Board's discretionary denial of cancellation of removal.  See 8 U.S.C. § 1252(a)(2)(B)(i).  But we may still review constitutional claims or questions of law raised in a petition for review.  See id. § 1252(a)(2)(D).  So even when an alien concedes that he is removable based on a covered criminal conviction, we still have jurisdiction to consider a question of law relating to his eligibility for discretionary relief.  See Donawa v. U.S. Att'y Gen., 735 F.3d 1275, 1279–80 (11th Cir. 2013).  That jurisdiction does not include the power to review "garden-variety abuse of discretion" arguments about how the Board weighed the facts in the record.  Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1196–97 (11th Cir. 2008).

Here Robley's challenge to the reliability of the state appellate court decision is beyond our jurisdiction to review.  That challenge goes to the Board's

4

weighing of the evidence, not to any legal or constitutional question.  See id.  The same goes for Robley's challenge to the Board's finding that Robley had in fact been convicted of attempted murder, aggravated assault, and armed robbery.  An argument that the Board's factual finding was not supported by evidence in the record does not state an exception to the jurisdictional bar.  Garcia v. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003).  To the extent that Robley's petition seeks review of those issues, we must dismiss it.

But we can consider Robley's contention that the Board erroneously applied 8 C.F.R. § 1003.41.  Whether the Board misinterpreted a federal regulation is a legal question for the purposes of 8 U.S.C. § 1252(a)(2)(D).  See, e.g., Dormescar v. U.S. Att'y Gen., 690 F.3d 1258, 1268, 1270–71 (11th Cir. 2012) (exercising jurisdiction over the question whether the Board and Homeland Security violated applicable regulations).

That does not help Robley much because his contention lacks merit.  Section 1003.41(d) allows an immigration judge to admit "evidence that reasonably indicates the existence of a criminal conviction."  We have never interpreted § 1003.41(d) in a published opinion, but we have interpreted a closely related statute, 8 U.S.C. § 1229a(c)(3).  Under that statute we have held that evidence is admissible to prove an alien's prior criminal conviction if it is "probative." Fequiere v. Ashcroft, 279 F.3d 1325, 1327 (11th Cir. 2002), superseded by statute

5

on other grounds as recognized by <u>Donawa</u>, 735 F.3d at 1281.  Other circuits have used a similar standard when applying § 1003.41(d).  <u>See, e.g.</u>, <u>Fraser v. Lynch</u>, 795 F.3d 859, 863–64 (8th Cir. 2015); <u>Barradas v. Holder</u>, 582 F.3d 754, 762–63 (7th Cir. 2009); <u>Francis v. Gonzales</u>, 442 F.3d 131, 141–44 (2d Cir. 2006).  And that standard is consistent with the Department of Justice's commentary on the regulation: "The proposed rule anticipates that other evidence may be used to demonstrate a criminal conviction, if in the discretion of the Immigration Judge, it is deemed <u>probative and relevant</u>."  Executive Office for Immigration Review; Criminal Conviction Records, 57 Fed. Reg. 60,740 (proposed Dec. 14, 1992) (originally to be codified at 8 C.F.R. § 3.41) (emphasis added).  So evidence is admissible under § 1003.41(d) if it is probative of the existence of a conviction.

In this case the Board took its interpretation of § 1003.41(d) from a precedential, three-member opinion, <u>Matter of Velasquez</u>, 25 I. & N. Dec. 680 (BIA 2012).  In <u>Velasquez</u> the Board concluded that evidence is admissible under § 1003.41(d) to prove a conviction if it is "probative and relevant."  <u>Id.</u> at 686 (quotation marks omitted).  That interpretation is correct.  <u>Velasquez</u> then notes that "documents such as an appellate court decision affirming or otherwise referencing a conviction would appear to fall within [§ 1003.41(d)]."  <u>Id.</u>  We agree.  Regardless of whether an appellate decision, on its own, is sufficient to prove a conviction, it is at least probative.  <u>Cf. Francis</u>, 442 F.3d at 142–44

6

(explaining that evidence can be admissible under § 1003.41(d) even if it is not

sufficient to prove a conviction).  For that reason the Board did not err by

admitting an appellate decision as evidence of Robley's criminal convictions.[3]

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[3] Robley faults the Board for relying on a part of <u>Velasquez</u> that he says is dicta.  But if that was error, it was harmless, because by relying on that part of <u>Velasquez</u> the Board correctly interpreted § 1003.41(d).