Pierre v. Garland

BIA
Conroy, IJ
A059 579 627

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand twenty-three.

PRESENT:
GERARD E. LYNCH,
JOSEPH F. BIANCO,
BETH ROBINSON,
*Circuit Judges.*

_____

STANLEY PIERRE,
*Petitioner,*

v.                                                      22-6507
                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Craig Relles, Law Office of Craig Relles, White Plains, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Anna Juarez, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Stanley Pierre, a native and citizen of Haiti, seeks review of a September 29, 2022, decision of the BIA affirming a February 8, 2022, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Stanley Pierre*, No. A 059 579 627 (B.I.A. Sept. 29, 2022), *aff'g* No. A 059 579 627 (Immig. Ct. N.Y. City Feb. 8, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our jurisdiction to review an order of removal based on an aggravated felony is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D). This jurisdictional

limitation does not apply to review of CAT claims, and the Supreme Court has left open whether it applies to withholding of removal. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–94 (2020). Because Pierre's challenge to the denial of withholding of removal relates to whether the agency applied the proper framework in determining that his aggravated felony conviction was a particularly serious crime, we reach that determination. *See Ojo v. Garland*, 25 F.4th 152, 165 (2d Cir. 2022). We find no error in the particularly serious crime determination or the denial of CAT relief.

## I. Particularly Serious Crime Determination

A person convicted of a particularly serious crime is ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B). For withholding of removal, "an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years" is per se particularly serious. *Id.* § 1231(b)(3)(B)(iv). Pierre does not dispute that his conviction is an aggravated felony. Because he was sentenced to less than five years' incarceration, his conviction was not per se particularly serious. But the agency has the authority to make an individualized inquiry as to whether a conviction is for a particularly serious crime regardless of the length of sentence.

3

*See Nethagani v. Mukasey*, 532 F.3d 150, 155 (2d Cir. 2008); *see also* 8 U.S.C. § 1231(b)(3)(B)(iv).

The agency applied the correct legal standard. The agency follows a "two-step analysis." *Ojo*, 25 F.4th at 165. First, the agency considers whether the elements of the offense "potentially bring the crime into a category of particularly serious crimes." *In re N-A-M-*, 24 I. & N. Dec. 336, 342 (B.I.A. 2007). The IJ engaged in this first step. Pierre was convicted under 18 Pa. Cons. Stat. § 2702(a)(4). That section provides that "[a] person is guilty of aggravated assault if he . . . attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon." "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." *Id.* § 2301. "Deadly weapon" is defined as "[a]ny firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, *or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury*." *Id.* (emphasis added). Pierre's conviction fell within the ambit of particularly serious crimes because the statute requires intent to cause bodily injury to another person. *See Nethagani*, 532 F.3d at 155 ("[C]rimes against persons are more likely to be particularly serious

4

than are crimes against property."); *see also Singh v. Barr*, 939 F.3d 457, 462–64 (2d Cir. 2019) (upholding BIA's decision that New York assault provision requiring intent to cause physical injury, physical injury, and use of "deadly weapon or dangerous instrument" was an aggravated felony and a particularly serious crime).

Second, the IJ considered the factors set out in *Nethagani*: "(1) the nature of the conviction, (2) the circumstances and underlying facts of the conviction, [and] (3) the type of sentence imposed."  *Nethagani*, 532 F.3d at 155 (quotation marks omitted); *see also Ojo*, 25 F.4th at 165 ("[T]he agency examine[s] the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction to determine if [a crime] is particularly serious.").  The IJ considered the nature and circumstances of the conviction—that the conviction required intent to cause injury and a deadly weapon, and that Pierre intentionally hit the victim with his car with enough force to throw him onto the hood, continued to accelerate while the victim was on the hood, and made a right turn which threw the victim onto the pavement.  And the IJ considered the length of the sentence, noting that Pierre had no evidence to corroborate his claim that he served his sentence at a halfway house and on probation.  Because the agency

considered the relevant factors and the facts reflect an intentional act of violence against another, the agency did not err in concluding that the crime was particularly serious.[1]  *See Nethagani*, 532 F.3d at 155.

**II.    CAT Relief**

Pierre's conviction does not bar deferral of removal under the CAT.   A CAT applicant has the burden to establish that he would "more likely than not" be tortured by or with the acquiescence of a public official.  8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1); *see Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004). A CAT claim is "too speculative" if "it involves a chain of assumptions"; an applicant is required to show that each "link in the chain . . . [is] more likely than not to occur."   *Savchuck v. Mukasey*, 518 F.3d 119, 123–24 (2d Cir. 2008) (quotation marks omitted).   We review factfinding for substantial evidence and questions of

---

[1] To the extent that Pierre asserts that the evidence was insufficient to establish his conviction, his argument is unavailing.   The record contains the Superior Court of Pennsylvania's denial of Pierre's appeal, which confirms that Pierre "appeals from the judgment of sentence imposed following his conviction of aggravated assault, recklessly endangering another person, reckless driving, and failure to stop and render aid." *See Matter of J. R. Velasquez*, 25 I. & N. Dec. 680, 686 (B.I.A. 2012) (noting that "other documents such as an appellate court decision affirming or otherwise referencing a conviction would appear to fall within the catch-all regulatory provision" of 8 C.F.R. § 1003.41(d)); *Ojo*, 25 F.4th at 157 ("all reliable information may be considered in making a particularly serious crime determination, including the conviction records and sentencing information").

law and application of law to fact de novo. *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021).

As an initial matter, Pierre's challenge to the agency's determination that his denial of involvement in a gang was not credible lacks merit. "A trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness" and inconsistencies within and between an applicant's statements and other evidence." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Pierre was not credible on this point. He testified that he was not a member of a gang. But the Department of Homeland Security ("DHS") filed a report documenting an investigation that revealed, among other things, that Pierre was arrested in 2016 alongside two known Hyena Crip members. When questioned about these facts, Pierre first stated that he was not familiar with a gang named "Hyena Crew"; but moments later, he confirmed that he was aware that the individuals he was arrested with were a part of the Hyena Crew. Given Pierre's own inconsistent

7

statements and the DHS report connecting him to the gang, substantial evidence supports the IJ's determination that Pierre's denial of gang membership was not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.").

The agency did not otherwise err in denying the CAT claim. In determining the likelihood of torture, the agency considers evidence of past torture and evidence of human rights violations in the country of removal among any other relevant information. 8 C.F.R. § 1208.16(c)(3). Pierre did not allege past torture. Instead, he alleged that he would more likely than not be tortured by government officials on account of his criminal deportee status and the length of time he has lived in the United States. He also alleged that he would face a higher risk of torture from gangs due to his connections with his mother's voodoo practice, his father's kidnapping, and his cousin's murder.

The agency found that Pierre did not establish a likelihood of torture or that if he were detained that Haitian officials would have a specific intent to torture him. Pierre's expert witness concluded that "[a]ll criminal deportees from the United States are detained for at least hours upon their arrival" and that these

deportees face a "sharply increased risk of arrest" after release due to the perception that they are career criminals and gang members. The expert's report goes on to explain that Haitian prison conditions are "brutal and inhumane" and "beating and other torture" is commonplace. However, this possibility of detention for a few hours or an increased risk of future detention does not establish that Pierre is more likely than not to be tortured while detained for those few hours or that he will more likely than not be detained in the future. *See Savchuck*, 518 F.3d at 124.

Moreover, a CAT claim based on prison conditions requires a showing of government intent to torture. *See Pierre v. Gonzales*, 502 F.3d 109 (2d Cir. 2007). The dire conditions in Haitian prisons do not alone demonstrate the "specific intent" necessary to constitute torture under the CAT. *Id.* We left open the possibility that a prisoner with "certain histories, characteristics, or medical conditions" might be "more likely to be targeted not only with . . . individual acts but also with particularly harsh conditions of confinement." *Id.* Pierre argues that the agency failed to account for his criminal history and his time spent in the United States, however, he produced no evidence that anyone would intend to torture him for those reasons. *See Pierre*, 502 F.3d at 121–22 ("The failure to

maintain standards of diet, hygiene, and living space in prison does not constitute torture under the CAT unless the deficits are sufficiently extreme and are inflicted intentionally rather than as a result of poverty, neglect, or incompetence.").

To the extent Pierre relies on his mother's voodoo practice, father's kidnapping, or his cousin's murder, he has not shown how these factors would materially increase his likelihood of torture. "In the absence of solid support in the record . . . [applicant's] fear is speculative at best." *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005). And although Pierre claims that the agency failed to consider these risks in the aggregate, the BIA specifically considered this argument and noted that the IJ "thoroughly considered the array of different sources from whom the respondent asserted a risk of torture and the various reasons for his fear of harm, and determined that they do not amount to a likelihood of torture based on the entirety of the record." *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) ("[W]e presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise.").

Accordingly, on this record, the agency did not err in concluding that Pierre failed to satisfy his burden of proof for CAT relief. *See* 8 C.F.R. §§ 1208.16(c)(2),

10

1208.17(a), 1208.18(a)(1); *see also Quintanilla-Mejia*, 3 F.4th at 593–94 ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence. Rather, it requires us to ask only whether record evidence compelled . . . [a] finding different from that reached by the agency.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

11